IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DANIEL MACIAS,

                    Plaintiff,

          v.                              CASE NO.  07-3163-SAC

(FNU) McFORD,
et al.,

                    Defendants.

## O R D E R

     This civil complaint, 42 U.S.C. 1983, was filed by an inmate of
the El Dorado Correctional Facility, El Dorado, Kansas (EDCF).
Named as defendants are McFord, an "ARPN" for "Correct Care
Solutions" (CCS); Dr. McNickle, a doctor for CCS; Eddelman, Medical
Director at EDCF; HCP Hankins, an "HCP for CCS; and Ray Roberts,
Warden, EDCF.  Plaintiff also asserts jurisdiction under 42 U.S.C.
1997e(e) and claims mental and emotional anguish and injury.

     Plaintiff alleges that since October, 2005, he has requested
medical assistance from CCS for chronic throat infection.  He
further alleges that he was seen on numerous occasions by clinic
staff, and was prescribed medication and antibiotics, but the
treatments were ineffective and he has experienced persistent pain
and related illness.  Plaintiff asked defendant McFord to have his
tonsils removed, but was told "his condition wasn't serious enough,"
and his requests to see a specialist have been denied.  He alleges
all defendants have been deliberately indifferent to his serious
medical needs because they continue to provide the same ineffective
antibiotics.

     Plaintiff alleges his rights under the Eighth Amendment

have been violated.   He seeks a declaration that defendants have violated his Eighth Amendment rights to adequate medical treatment, an injunction requiring that he see a specialist, and compensatory, punitive and nominal damages from defendants, as well as damages "for the pain and mental anguish" for his ongoing problem.

It appears that plaintiff has exhausted administrative remedies on his claims.

**PARTIAL FEE REQUIRED**

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated.  Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $75.88 and the average monthly balance is $14.39.  The court therefore assesses an initial partial filing fee of $15.00, twenty percent of the average monthly deposit, rounded to the lower half dollar[1].  The court has received a part payment of $4.00 from plaintiff, so he now is required to submit an additional $11.00.

Plaintiff will be given thirty (30) days in which to submit the

---

[1]

Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

remainder of the initial partial filing fee of $ 15.00.  The failure to pay the fee within that time may result in dismissal of this action without prejudice.

**SCREENING**

Because Mr. Macias is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for failure to state facts which support a claim of federal constitutional violation.

The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976);  Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)("A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.").   The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind."  Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991); Riddle v. Mondragon, 83 F.3d 1197, 1203 (10th Cir.1996).  With respect to the subjective component, an inadvertent failure to provide adequate medical care or a negligent

diagnosis "fail[s] to establish the requisite culpable state of mind." Id., *quoting* Wilson v. Seiter, 501 U.S. 294, 297 (1991). A prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106.

A mere difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation, but constitutes, at most, a negligence malpractice claim[2]. Estelle, 429 U.S. at 106-07; Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992); see Handy v. Price, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); El'Amin v. Pearce, 750 F.2d 829 (10th Cir. 1984)(A mere difference of opinion over the adequacy of medical treatment cannot provide the basis for an Eighth Amendment claim.); Jones v. McCracken, 562 F.2d 22 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Coppinger v. Townsend, 398 F.2d 392 (10th Cir. 1968). As the United States Supreme Court explained:

---

[2]

A medical malpractice claim should be brought in state, rather than federal court.

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."   Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment.   Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.   In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.   It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

<u>Estelle</u>, 429 U.S. at 105-106 (footnote omitted).

It appears from plaintiff's allegations and his exhibits that he has received medical treatment on numerous occasions, but simply disagrees with the treatment provided.   In response to his administrative grievance on February 10, 2007, his Unit Team stated:

> Your problems with your throat and tonsils have been looked at by several drs and the assessment is the same. You do not need surgery and a consult with a specialist is not necessary at this time.  You see someone approx 1xwk for your complaints.   Various medications have been ordered for you to treat your symptoms and complaints. Many times the symptoms you are reporting are not noted on your visit.  You are being given good medical care."

The Tenth Circuit Court of Appeals explained its rejection of an Eighth Amendment claim based on disagreement with the medical care provided as follows:

> The allegation that the needed medication has been "cancelled" shows that a difference of opinion exists between the lay wishes of the patient and the professional diagnosis of the doctor.  The prisoner's right is to medical care-not to the type or scope of medical care which he personally desires.  A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983.

<u>Coppinger</u>, 398 F.2d at 394.

Plaintiff will be given time to show cause why this action should not be dismissed for failure to state facts in support of a

claim under 42 U.S.C. 1983.

Plaintiff's motion for this court to order his physical examination by a specialist (Doc. 3) is denied, without prejudice, since at this juncture it appears upon screening that he is not entitled to relief in federal court.

**IT IS THEREFORE ORDERED** that plaintiff's "Request for Physical Examination" (Doc. 3) is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court the remainder of the initial partial filing fee of $ 15.00.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fee as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days plaintiff must show cause why this action should not be dismissed for failure to state facts in support of a claim of federal constitutional violation.

**IT IS SO ORDERED**.

Dated this 9th day of July, 2007, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge


6